IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANK RUSSELL MCCOY | Case No. 1:07-CR-18-WLS |

**ADDENDUM TO MOTION TO DISMISS FOR IMPROPER VENUE**

Comes now Defendant, Frank Russell McCoy, by and through undersigned counsel, Morad Fakhimi, and files this *Addendum* to his *Motion to Dismiss the Indictment for Improper Venue* (Doc. 33). As it is Mr. McCoy's position that the indictment in this case (Doc. 1) fails to establish constitutional criminal venue in this district (*see* Doc. 33); and that he has a constitutional right (*see* Article III, § 2, cl. 3, and the Sixth Amendment) <u>not to stand trial</u> in the wrong judicial district (*see also* Fed. R. Crim. P. 18) – the Defendant maintains, therefore, that the potential denial of his *Motion to Dismiss for Improper Venue* (Doc. 33) would constitute a suitable subject for an immediate appeal.

Congress has limited the jurisdiction of the Courts of Appeals to "final decisions of the district courts." 28 U. S. C. § 1291. The Supreme Court "has long held that the policy of Congress embodied in this statute is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation, and that this policy is at its strongest in the field of criminal law: "The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment. . . . This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of

criminal cases.'"" *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (U.S. 1982) (quoting *Cobbledick v. United States*, 309 U.S. 323, 324-326 (1940); and citing *DiBella v. United States*, 369 U.S. 121, 124 (1962)).

The Supreme Court has interpreted the jurisdictional statute to permit departures from the rule of finality in only a limited category of cases falling within the "collateral order" exception, which was delineated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-547 (1949) – thus, for an order in a criminal case to be immediately appealable, it "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Hollywood Motor Car Co.*, 458 U.S. at 265 (U.S. 1982) (*citing Cohen*, 337 U.S. at 545-547 (1949); and, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

In *Stack v. Boyle*, 342 U.S. 1 (1951), the Supreme Court held that an order denying a motion to reduce bail could be reviewed before trial – writing separately, Justice Robert Jackson (the author of *Cohen*) recognized that "an order fixing bail can be reviewed without halting the main trial -- its issues are entirely independent of the issues to be tried -- and unless it can be reviewed before sentence, it never can be reviewed at all." *Stack*, 342 U.S. at 12. In *Abney v. United States*, 431 U.S. 651 (1977), the Court permitted interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds; recognizing that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Id.*, at 660.

The Double Jeopardy Clause embodies the right not to be tried twice for the same offense; and if "a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full

protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Id.*, at 662 (emphasis in original). Finally, in *Helstoski v. Meanor*, 442 U.S. 500 (1979), the Court held that a United States Congressman could have taken an interlocutory appeal in a criminal case to assert the immunity conferred upon him by the Speech or Debate Clause of the Constitution – central to that holding was the Court's view that the Speech or Debate Clause protects Congressmen "'not only from the consequences of litigation's results but also from the *burden* of defending themselves.'" *Id.*, at 508 (emphasis supplied) (*quoting Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967)).

Hence, in each of these three instances where immediate (or more properly put, intermediate) appeals have been entertained in criminal cases, "the right protected...would have been lost if the appeal had been postponed." *Hollywood Motor Car Co.*, 458 U.S. 263, 266 (U.S. 1982). Mr. McCoy maintains that such is the case here – i.e., if this Court were to deny his motion to dismiss the indictment for failure to establish constitutional criminal venue in this district, that order would "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Hollywood Motor Car Co.*, 458 U.S. at 265 (U.S. 1982). Therefore, since the constitution confers a right not to be subjected to the burden of defending a criminal case in the wrong district (akin to the Double Jeopardy right not to be *exposed* to a second prosecution, or the Speeches or Debates right freeing that class of litigants from the *burden* of having to defend themselves) – Mr. McCoy maintains that the question of proper constitutional criminal venue would constitute an appropriate subject for an immediate appeal; especially since it appears that the Supreme Court has not yet been presented with such a question.

In *United States v. Snipes*, 512 F.3d 1301, 1302 (11th Cir. 2008), however, the Eleventh Circuit held that "an order pertaining to venue is effectively reviewable after entry of judgment." However, the "order" from which an immediate appeal was taken in *Snipes* was of a significantly different character than what is at stake here – the relevant facts in *Snipes* being significantly different than those at bar, it is Mr. McCoy's position that *Snipes* poses no barrier to an immediate appeal from the potential denial of a motion to dismiss this indictment for failing to establish constitutional venue in this district. *See United States v. Snipes*, 2007 U.S. Dist. LEXIS 65432, 14-15 (M.D. Fla. 2007) ("While admitting that venue is appropriate in this district for [certain counts in the indictment] the Defendant contends that venue is <u>also</u> appropriate in New York, California and Massachusetts, and that his case should be transferred to New York for the convenience of the parties and witnesses, as well as in the interests of justice."). Thus, *Snipes* dealt with a motion to transfer venue for the <u>convenience of the parties</u> while admitting that constitutional criminal venue did lie in the district in which the prosecution was instituted – such is not the case here. Mr. McCoy's right not to be dragged across the country to face trial in a district on an indictment that fails to establish constitutional criminal venue in that district is not able to be vindicated on appeal from a final judgment–i.e., on appeal from a final judgment in such a case, the question as to whether the defendant had a right <u>not to face trial in this district</u> is incapable of vindication (facing precisely the same problem as an attempt to vindicate the Double Jeopardy right <u>not to face trial at all</u> following a full blown trial, a Court of Appeal could not turn back the clock and restore that right).

## Conclusion

Mr. McCoy, having invoked his right under the United States Constitution (Article III, § 2, cl. 3, and the Sixth Amendment), as echoed in Fed. R. Crim. P. 18, not to be dragged across the

country to face trial in a district where venue does not lie; respectfully requests that this Court, in the interests of judicial economy, issue an order ruling on his *Motion to Dismiss the Indictment for Improper Venue* (Doc. 33), such that he may take an immediate appeal should the question be decided against him in this Court.

Dated:  This 10th day of September, 2008.

Respectfully submitted,

/s/ Morad Fakhimi
MORAD FAKHIMI
FEDERAL DEFENDERS OF THE
MIDDLE DISTRICT OF GEORGIA, INC.
440 Martin Luther King, Jr. Blvd.
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747
Fax: (478) 207-3419
morad_fakhimi@fd.org
PA Bar ID. 204228
DC Bar ID. 974050

**CERTIFICATE OF SERVICE**

      I, Morad Fakhimi, hereby certify that on September 10, 2008, I electronically filed the foregoing Addendum to the Motion to Dismiss the Indictment for Improper Venue with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

      /s/ Morad Fakhimi
MORAD FAKHIMI
FEDERAL DEFENDERS OF THE
MIDDLE DISTRICT OF GEORGIA, INC.
440 Martin Luther King, Jr. Blvd.
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747
Fax: (478) 207-3419
morad_fakhimi@fd.org
PA Bar ID. 204228
DC Bar ID. 974050