IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANK RUSSELL MCCOY | Case No. 1:07-CR-18-WLS |

## DEFENDANT'S CORRECTED REPLY TO THE GOVERNMENT'S RESPONSE TO THE MOTION TO UNSEAL THE GRAND JURY PROCEEDINGS

Comes now Defendant, Frank Russell McCoy, by and through undersigned counsel, Morad Fakhimi; and, herewith files his corrected reply to the government's response (Doc. 54) to his *Motion to Unseal the Grand Jury Proceedings* (hereinafter, the "Motion to Unseal"). (Doc. 41). In support of which he submits the following.

On September 12, 2008, the defendant filed his *Motion to Unseal*, petitioning this Court, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i)&(ii), to order the proceedings before the Grand Jury to be unsealed. (Doc. 41 at 1, 5). The defendant argued that unsealing the proceedings was necessary in order to determine whether or not the government failed to inform the Grand Jury of the 2005 Minnesota litigation, and consequential judgments, declaring these same stories to be constitutionally protected speech, as well as of the possible legal consequences thereof -- furthermore, that if such was the case, the Grand Jury will have been denied its constitutional function, and an additional ground would exist to move for dismissal of the indictment. (*See generally id.*). The government did not, until November 7, 2008, file a formal response to the defendant's *Motion to Unseal* – no argument has been made to the effect that this was an inadequate showing of "particularized need"

1

for unsealing the proceedings, or that such would not constitute grounds to move for dismissal – nothing to that effect has been argued by the government thus far. In fact, in the course of its *Response* (filed September 22, 2008) to the defendant's *Motion to Dismiss on Multiple Grounds of Preclusion and Estoppel* (Doc. 34), the government tendered a *de facto* admission that the Grand Jury was not informed about the Minnesota litigation. (*See* Doc. 43 at 21) (wherein the government, in effect, admits that the Grand Jury of this district was not given the opportunity to inquire into the events and possible consequences of the 2005 Minnesota litigation of this same case; the government's *Response* related that the presentation of facts to the Minnesota court by "Agent Shold's [2005] affidavit [, presented to Judge Noel],[] were the same facts set forth in the affidavits of Agent Brant [presented to Judge Hodge in solicitation of a search warrant] [], <u>and the same facts presented to the grand jury</u> sitting in the Middle District of Georgia which returned the indictment in this case on June 13, 2007...") (emphasis supplied). Therefore, as of September 22, 2008, the defendant has been of the understanding that his "particularized need" (to determine if the local Grand Jury was informed about the prior litigation) had been satisfied – and that the question had been answered in the negative, giving rise to the claims asserted in his *Motion to Dismiss for Government Misconduct Before the Grand Jury* (Doc. 50) (hereinafter, "Third Motion to Dismiss"), which he would file on October 10, 2008.

On September 29, 2008, the defense received a package containing 8 pages of grand jury testimony and a short letter from government counsel stating only:

> I have attached the grand jury testimony of [Agent] Cory Brant in response to your Motion to Unseal Transcripts of Grand Jury Proceedings filed on September 12, 2008. If you have any questions, please give our office a call. Thank you.

(Doc. 50-2 at 1, Exhibit A to *Third Motion to Dismiss*, Doc. 50).

There was some confusion regarding how the government's tender of some small fraction (8 transcripts pages of testimony) of the proceedings could possibly be "in response" to the defendant's *Motion to Unseal* – wherein the defendant had clearly asserted that the *whole* proceeding need to be unsealed to determine whether or not a particular line of relevant inquiry had been precluded because of an *omission* by the government (i.e., in order to conclusively say that something *was not included* in grand jury proceedings that should have been, one needs to be aware of everything that *was included*). It is possible that the brief exchange that transpired across those 8 pages of transcript constituted the entirety of the government's presentation to the Grand Jury – in either case, the government's informal, September 29, 2008, response to the defendant's *Motion to Unseal* (a letter and transcript excerpts) was attached as a necessary exhibit to the defendant's *Third Motion to Dismiss* (Doc. 50), filed on October 10, 2008. The government never responded to the defendant's *Third Motion to Dismiss*.

On November 7, 2008, the government moved this Court to enter an order to the effect that certain materials attached as exhibits to motions filed by the defense should be placed under seal – the government's motion complained that:

> counsel for the defendant caused the stories to be placed in public domain view by filing them as an attachment to certain motions they filed on the PACER/ECF filing system. The obscene materials are the Exhibits attached to Document # 49, and in Document # 50, a grand jury transcript which defense counsel caused to be published.
>
> (Doc.52).

The same day, the defendant responded (Doc. 53), stating opposition to the government's motion to have case-related documents sealed upon grounds that the government claims they are obscene, which amounts to an attempt to unilaterally, not to mention prematurely, condemn the stories as "obscene" – and that it is an especially improper request in light of the existence of the 2005 Minnesota federal court judgments declaring these same stories to be protected speech. (*See id*.). Also the same day, the government filed a somewhat belated *Response to Defendant's Motion to Unseal*. (Doc. 54). Therein, the government began by relating that the "defendant has moved to unseal the grand jury transcript of a witness. The government provided the same to counsel for the defendant on September 29, 2008. Accordingly, the motion is moot"[1]; additionally, the government complains that "counsel for the defendant has caused the grand jury materials to be published on PACER/ECF without leave of court and in violation of Rule 6(e)"[2]; lastly, the government concludes

---

[1]Initially, the government's first statement is erroneous in that the defendant's *Motion to Unseal* was unequivocally based on the need to know whether a material *omission* was made before the Grand Jury (an omission regarding the facts and law surrounding the 2005 litigation of this same case in another district), and therefore, the defendant moved to unseal the *whole* of the proceedings for the purpose of determining whether there had been such an omission. It is, therefore, incorrect to say that the defendant moved to unseal the "grand jury transcript of a witness." Further, based on its incorrect interpretation of the defendant's *Motion to Unseal* (Doc. 41) and subsequent *Third Motion to Dismiss* (Doc. 50), the government's current position to the effect that the *Motion to Unseal* "is moot" simply because 8 pages of Agent's Brant's testimony were tendered, is also untenable. The defendant's *Motion to Unseal* could only be rendered "moot" by: (1) the government's clear admission, or some other clear indication, that the Grand Jury of this district was not informed of the 2005 litigation of this case in the Minnesota federal court; (2) the government dismissing the case entirely; (3) any ruling by this Court on the defendant's *Third Motion to Dismiss*; or, a favorable ruling by this Court on the *First* (Doc. 33), or *Second* (Doc. 34) motions to dismiss.

[2]The government's assertion that counsel for the defense has "violated" Fed. R. Crim. P. 6(e) is also mistaken as it was incumbent on the government, and not defense counsel, to secure leave of court. The provisions governing the various obligations of secrecy surrounding grand jury proceedings are to be found in Fed. R. Crim. P. 6(e)(2)&(3). Briefly put, the provisions of Rule 6(e)(2) & (3) impose secrecy obligations on certain enumerated custodians of grand jury information--in pertinent part, the rule states that: "[n]o obligation of secrecy may be imposed on any

by complaining that the attachments of the warrant applications containing the stories, as well as the grand jury transcripts in question, are "especially sensitive in that [they] include[] extensive excerpts from the obscene materials the defendant is charged with distributing...[; and asking rhetorically] [w]hy counsel for the defendant would further cause the obscene materials to be distributed by placing them in the public domain via PACER/ECF is inexplicable." (Doc. 54). Essentially, the government concludes by arguing that everything (the Grand Jury testimony that relates portions of certain stories, and the identical warrant applications that were presented to Judges Montgomery and Noel in Minnesota and Judge Hodge in this Court, which contain the same stories) should be placed

---

person except...a grand juror; an interpreter; a court reporter; an operator of a recording device; a person who transcribes recorded testimony; an attorney for the government; or a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)" (such persons are enumerated as: "any government personnel--including those of a state, state subdivision, Indian tribe, or foreign government--that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or a person authorized by 18 U.S.C. § 3322" (permissive disclosure statute relating to government attorneys)).  The remainder of the provisions of Rule 6(e) consist of a variety of requirements, none of which are addressed to defendants, defense counsel, or members of the general public at all – the provisions contained in 6(e)(3)(F), in fact, indicate that if defendants or defense counsel receive grand jury materials from government counsel (assuming the government's compliance with Rule 6(e) generally, and with Rule 6(e)(3)(E) in particular); then it should be safe to assume that the government's desired acquiescence to a defendant's pending motion to unseal, brought under 6(e)(3)(E), would be complaint with what is required of government counsel in that situation by Rule 6(e)(3)(F), which maintains, "[a] petition to disclose a grand-jury matter under Rule 6(e)(3)(E)(i) must be filed in the district where the grand jury convened. Unless the hearing is ex parte--as it may be when the government is the petitioner..." In essence, the government's statement that defense counsel has violated Rule 6(e), by attaching the materials received from government counsel on September 29, 2008, as an exhibit to the defendant's *Third Motion to Dismiss*, is erroneous due to the fact that defendants and defense counsel fall into the "no obligation of secrecy may be imposed on any person..." category of Rule 6(e)(3)(A), as opposed to any of the specifically enumerated exceptions — furthermore, if counsel for the government has in fact filed an *ex parte* petition for disclosure, as is required by Rule 6(e)(3)(F), and such petition was granted under seal by this Court, then no violation of 6(e) has occurred at all; however, if no such petition has been filed by the government, and Rule 6(e)(3)(F) was not complied with, then the violation (if any) appears to have been caused by the government.

under seal due to the government's opinion regarding the content of the fictional written stories themselves.

It should, at this point, be brought to the Court's attention that the government's concern with this material being "in the public domain" is difficult to understand in light of the fact that on May 8, 2008, the government moved to <u>unseal</u> the proceedings of the same case in the Minnesota federal court (*see Government's Motion to Unseal*, Doc. 49-9 at 13-15; and *Minnesota District Court Order* granting motion, *id*. at 16) which contained the same warrant application as in the instant case (and therefore the same stories the government seeks to seal here). The government's motion was granted, and as of May 8, 2008, Mr. McCoy's stories (along with the rest of the records of those proceedings) have been readily available to the public through the clerk of that court. The fact that those same stories, the availability of which the government now protests, have been readily available to the general public for the last six months due to a federal court order, granting the government's own request <u>to unseal</u> them all, seriously undercuts its present attempt to have the same materials sealed on this Court's docket, while they continue to remain available to the public from the clerk of another federal court (*See* District of Minnesota Case No. 05-MJ-430-ADM – Docs. 1 - 10).

It should also be noted that the government did not request the Minnesota court to maintain even just the stories themselves under seal, while unsealing everything else in the case – the Minnesota court was moved by the government to unseal the whole case, including the stories, causing them to be readily available to the public. The reason for which is obvious – the government did not want the Minnesota court to become aware of what can only appear as a lack of due regard

for the judgment of that court — if the government had told that court in May of 2008, that the stories themselves should remain under seal, while the rest of the documents should be unsealed as part of the discovery practice in a case that it had subsequently brought upon the exact same showing of fact in another district; there may have been serious consequences. In any event, the government, having caused the stories to be publically available through the clerk of another federal district court for the last six months, presents an untenable argument in support of its request that this Court place the stories, and testimonial narrations of their content, under seal on grounds that they are "obscene."

## Conclusion

Based on the foregoing, the government is mistaken in asserting that Rule 6(e) was "violated" by counsel for the defense – in fact, as discussed above, if Rule 6(e) was violated at all, the violation would necessarily have been effected by the government. Furthermore, since the government itself has caused these same stories to be readily available to the public through the clerk of another federal district court since May 8, 2008, its present attempt to have them pre-judged as "obscene", to justify having them placed under seal here, must fail if only in avoidance of an exercise in futility – as placing them under seal here makes no sense so long as they are available from the Minnesota court. Additionally, the defendant's *Motion to Unseal* is not moot unless one of the appropriate above-discussed circumstances comes to pass.

Based on the above arguments, as well as those made in his *Motion to Dismiss for Improper Venue* (Doc. 33), *Motion to Dismiss the Indictment on Multiple Grounds of Preclusion and Estoppel* (Doc. 34), and *Motion to Dismiss for Government Misconduct Before Grand Jury* (Doc. 50) (as well as in the replies to the responses thereto), Mr. McCoy petitions this Court to rectify the awkward

jurisdictional interplay that has arisen between two federal judicial districts as a direct result of the government's conduct in this case – and, therefore, the defendant reiterates his requests for a summary dismissal of the indictment in the instant case.

Dated: This 10th day of November, 2008.

                Respectfully submitted,

                /s/ Morad Fakhimi
                MORAD FAKHIMI
                FEDERAL DEFENDERS OF THE
                MIDDLE DISTRICT OF GEORGIA, INC.
                440 Martin Luther King, Jr. Blvd., Suite 400
                Post Office Box 996
                Macon, Georgia 31202-0996
                Phone: (478) 743-4747
                Fax: (478) 207-3419
                morad_fakhimi@fd.org
                PA Bar ID. 204228
                DC Bar ID. 974050

**CERTIFICATE OF SERVICE**

  I, Morad Fakhimi, hereby certify that on November 10, 2008, I electronically filed the foregoing *Corrected Reply* to the *Government's Response to the Defendant's Motion to Unseal the Grand Jury Proceedings* (Doc. 54) with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/ Morad Fakhimi
MORAD FAKHIMI
FEDERAL DEFENDERS OF THE
MIDDLE DISTRICT OF GEORGIA, INC.
440 Martin Luther King, Jr. Blvd.
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747
Fax: (478) 207-3419
morad_fakhimi@fd.org
PA Bar ID. 204228
DC Bar ID. 974050