IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:07-CR-18-WLS |
| FRANK RUSSELL MCCOY | |

## UNOPPOSED MOTION FOR CONTINUANCE

Comes now the Defendant, Frank Russell McCoy, by and through undersigned counsel, Morad Fakhimi; and, pursuant to 18 U.S.C. § 3161(h)(8)(A)&(B), herewith moves the Court for an Order continuing trial in the above-styled case to the October 2009 trial term. The Defendant moves for this continuance pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) – maintaining that this particular prosecution "is so unusual [and] [] complex, due to...the nature of the prosecution, [] [and] the existence of novel questions of fact or law, that it [] [would be] unreasonable to expect adequate preparation for...the trial itself within the time limit[] established" — which is currently the June 2009 trial term. (*See* § 3161(h)(8)(B)(ii)).

The Defendant has been charged with "aiding and abetting the interstate transportation of obscene matters"; the charge refers to over 200 fictional stories that the government alleges are criminally "obscene". The undersigned counsel, therefore, is required – pursuant to *Miller v. California*, 413 U.S. 15 (1973) – to be able to show serious artistic or political value in each of the charged stories. This is a significant undertaking that can not be accomplished in time for the case to be tried during the June 2009 term of Court. Additionally, should the Court decide all of the currently pending motions against the Defendant, permitting this case to proceed to trial, the additional time before trial would also serve the interests of justice in that it would allow for

adequate argument and briefing of a host of trial related issues (e.g., the resolution of the question as to which is the relevant "community" whose standards should be used in the determination of the patent offensiveness prong of the *Miller* obscenity test).

Counsel for the government was conferred with today and indicated that he has no opposition to the instant request. Therefore, the Defendant maintains that a continuance to the October 2009 trial term would best serve the interests of justice (in that it would ensure that the Defendant would receive well-informed and intelligent representation at trial); further, the Defendant maintains that the continuance would neither prejudice the government, nor interfere with the interests of the public in the speedy conduct of criminal trials.

Dated:  This 31st day of March, 2009.

Respectfully submitted,
/s/ Morad Fakhimi
MORAD FAKHIMI
FEDERAL DEFENDERS OF THE
MIDDLE DISTRICT OF GEORGIA, INC.
440 Martin Luther King, Jr. Blvd.
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747
Fax: (478) 207-3419
morad_fakhimi@fd.org
PA Bar ID. 204228
DC Bar ID. 974050

***PROPOSED ORDER ATTACHED***

## CERTIFICATE OF SERVICE

I, Morad Fakhimi, hereby certify that on March 31, 2009, I electronically filed the foregoing *Unopposed Motion for Continuance* with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

/s/ Morad Fakhimi
MORAD FAKHIMI
FEDERAL DEFENDERS OF THE
MIDDLE DISTRICT OF GEORGIA, INC.
440 Martin Luther King, Jr. Blvd.
Suite 400
Post Office Box 996
Macon, Georgia 31202-0996
Phone: (478) 743-4747
Fax: (478) 207-3419
morad_fakhimi@fd.org
PA Bar ID. 204228
DC Bar ID. 974050

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANK RUSSELL MCCOY | Case No. 1:07-CR-18-WLS |

**ORDER**

The Defendant's *Unopposed Motion for a Continuance* of the above-styled matter to the October 2009 trial term (Doc. 102) having been read and considered, the Court finds:

1. that the Defendant has moved for this continuance pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) – maintaining that this particular prosecution "is so unusual [and] [] complex, due to...the nature of the prosecution, [] [and] the existence of novel questions of fact or law, that it [] [would be] unreasonable to expect adequate preparation for...the trial itself within the time limit[] established", which is currently the June 2009 trial term; and,

2. that counsel for the Defendant represents that the government does not oppose the instant request for a continuance;

THEREFORE, the Court finds that the ends of justice served by the granting of this continuance outweigh the interests of the public and the defendant in a speedy trial.

The Court having made the foregoing findings, the Defendant's Motion for Continuance (Doc. 102) is hereby GRANTED and the matter is hereby continued to the October 2009 trial term of the Albany Division of the Middle District of Georgia.

IT IS FURTHER ORDERED that the time period occasioned by this continuance is excluded from the calculations of time contemplated by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

So ORDERED this _____ day of April, 2009.

_____
W. Louis Sands
United States District Judge