# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO: 1:07-CR-18-WLS |
| | : | |
| FRANK RUSSELL McCOY | : | |
| | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE THE GOVERNMENT FROM CONSTRUCTIVELY AMENDING THE INDICTMENT

Comes Now the United States of America, by and through the United States Attorney for the Middle District of Georgia, and hereby responds as follows:

The Defendant argues that the Government constructively amended the Indictment by requesting special verdicts on 18 of the stories that the defendant caused to be downloaded in violation of 18 U.S.C. §§ 1462 and 2 and in its closing argument by noting that the Court could find the Defendant guilty under the charged statutes by finding even one of the Defendant's stories obscene. The Defendant also contends that the Government effected a variance on the Indictment by introducing evidence of Agent Brant's January 29, 2008 download. The Defendant's contentions are erroneous and the motion should be denied on the following grounds.

1. <u>The Government did not constructively amend the indictment by requesting special verdicts on 18 of the stories the Defendant caused to</u>

<u>be downloaded or by noticing the Court of its option to find only one story obscene in rendering its obscenity determination.</u>

Under the Fifth and Sixth Amendments, a defendant has a right to be informed of the accusations against him and tried only on felony charges returned by a grand jury. *United States* v. *Sears*, 303 Fed. Appx. 770, 773 (11th Cir. 2008). "A constructive amendment [of an indictment] occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *Sears*, 303 Fed. Appx. at 773 (alteration in original) (citing *United States* v. *Castro*, 89 F.3d 1443, 1452-53 (11th Cir. 1996)). Constructive amendment is prohibited because it violates the "'fundamental principle ...that a defendant can only be convicted for a crime charged in the indictment.'" *Sears*, 303 Fed. Appx. at 773 (quoting *United States* v. *Keller*, 916 F.2d 628, 633 (11th Cir. 1990)).

Where, as here, the quantity of the matter at issue is not an essential element of the offense, an instruction (or statement in closing) that the fact-finder may determine guilt based upon any quantity of the matter at issue does not constitute a constructive amendment of the indictment. *Sears*, 303 Fed. Appx. at 773. For instance, In *Sears*, the defendant claimed that the district court had constructively amended the indictment by instructing the jury that it could find guilt based upon drug quantities less than those charged in the indictment. Rejecting the defendant's claim of error,

the court observed that: "[t]his court has held that the quantity of drugs is not an essential element of the offense because it only affects sentencing. Thus, in this case, the jury could have found Sears guilty if he conspired to import and distribute *any* amount of cocaine." *Id.* (emphasis added)

In *United States* v. *Nelson*, the defendants were charged with conspiracy to possess with intent to distribute "cocaine and marijuana." *Nelson*, 321 Fed. Appx. 904 (11th Cir. 2009). The defendants argued that the indictment was constructively amended by a special verdict form instructing the jury that it could convict defendants of conspiracy to possess with intent to distribute "cocaine or marijuana." Rejecting the defendant's argument, the court held that: "[t]he special verdict form did not alter the elements of the conspiracy, it just provided for a finding in the disjunctive rather than the conjunctive. Accordingly, it was not a constructive amendment of the indictment to uphold a conviction upon a finding of a conspiracy to distribute cocaine or marijuana-in this case, just cocaine." *Nelson*, 321 Fed. Appx. at 807.

Similarly, in *United States v. Lee*, the Court rejected a claim of constructive amendment by special verdict in a drug case "[b]ecause a constructive amendment occurs only when an *element* of the offense is altered to broaden the possible bases for conviction beyond what is contained in the indictment, and quantity is not an element of this offense, there was no constructive amendment and no danger that the

defendants were convicted of a crime not charged in the indictment." 223 Fed. Appx. 905 (11th Cir. 2007) (emphasis in original).

Moreover, noticing a fact-finder of its options for determining guilt, consistent with the law and the indictment as charged, does not constitute a constructive amendment of an indictment. *See United States* v. *Williams*, 527 F.3d 1235, 1246-1247 (11th Cir. 2008). In *Williams*, the Government charged the defendant and her husband with aiding and abetting one another, under 18 U.S.C. §2, in the commission of wire fraud and federal funds theft. *Williams*, 527 F.3d at 1239. The defendant contended that the jury instruction constructively amended the indictment because it allowed the jury to find her guilty of aiding and abetting someone other than her husband. *Id*. The court rejected the defendant's claim of error because the jury instructions accurately reflected the law by noticing the jury of the two ways by which it could find the defendant guilty — as a principal or as an accomplice by virtue of aiding and abetting — neither being inconsistent with the indictment. *Id*. at 1246-1247.

Here, the Government did not constructively amend the Indictment by requesting a special verdict on the obscenity of 18 stories or noticing the court of its option to find any one of the stories obscene. In a §1462 charge, the number of obscene matters transported is not an element of the crime and the Indictment did not

charge the Defendant with transporting specific stories. Thus, the Defendant's guilt may be predicated upon a finding that any of the stories he caused to be carried in interstate or foreign commerce is obscene. Consistent with the law governing the charged statutes and the Indictment, the Government's statements noticing the Court of its options under the §1462 element — that the matter be obscene — does not *alter* that element of the charge.[1]

> 2. <u>The Government did not effect a variance upon (or constructively amend) the indictment by introducing evidence of the January 29, 2008 downloads.</u>

Distinct from a constructive amendment, "[a] variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." *United States* v. *Ward*, 486 F.3d 1212, 1227 (11th Cir. 2007) (internal citation omitted). "[A] variance requires reversal only when the defendant can establish that his rights were substantially prejudiced." *Ward*, 486 F.3d at 1227. As the Eleventh Circuit has explained:

---

[1] And contrary to the Defendant's assertion, the Government did not choose these 18 stories randomly. Rather, the Government chose these 18 stories because these were the stories that Michael O'Keefe downloaded on June 23, 2002, the opening date of the Indictment. Because much of the Defendant's motion focuses on this issue and simply rehashes the Defendant's Bench Memorandum arguments, the Government refers the Court to its response contained in the Government's Trial Brief, Docket #144.

> We decide whether a variance between an indictment and the proof at trial is prejudicial, and thus fatal to the prosecution, by determining whether the variance infringes on the substantial rights that indictments exist to protect — to inform an accused of the charges against h[er] so that [s]he may prepare h[er] defense and to avoid double jeopardy. Within these limits, we have consistently permitted significant flexibility in proof, provided the defendant was given notice of the core of criminality to be proved at trial. Proof at trial need not, indeed cannot, be a precise replica of the charges contained in an indictment.

*United States* v. *Jones*, 278 Fed. Appx. 12, 15 (2nd Cir. 2008) (internal citations and marks omitted). The Defendant cannot make this showing.

There is no variance in this case because there was no deviation from the facts alleged in the Indictment. The Government's introduction of the January 29, 2008 downloads is consistent with its ability to support the theory of its case — that the Defendant used and caused to be used interactive computer services for the carriage of obscene materials in interstate and foreign commerce by sending Special Agent Brant 3 links to websites, including he asstr.org website, that contained his stories — with *additional* evidence that is outside the dates charged in the indictment so long as that evidence is related to the criminal conduct which took place within the indictment period. *See Jones*, 278 Fed. Appx. at 15.

For instance, in *Jones*, the defendant was charged with embezzling United States assets "on or about February 27, 2004, through and including on or about April 19, 2004." *Jones*, 278 Fed. Appx. at 14, 15. The defendant contended that testimony

regarding facts that occurred outside the indictment dates and for which no clarifying instruction was given constructively amended the indictment or effected a variance. *Jones*, 278 Fed. Appx. at 15. The court rejected the defendant's claims of error stating that:

> While the government presented some evidence of events occurring outside the date range provided for in the indictment, that evidence was presented in relation to the alleged criminal conduct which took place inside the provided time frame. For example, the government presented evidence that Jones's Citibank account was closed in 1997 for the purpose of showing her requisite intent to convert the bonds in 2004. In addition, as the government points out, the government presented evidence of events that occurred after the charged period-for example, evidence showing that a caveat was placed on the bonds on April 24, 2004-"not ... to show wrongdoing by Jones after the period of the charged offense, but so that the jurors would understand the reference to the caveats in the Federal Reserve Bank letter to Jones, and also to counter [Jones]'s argument that the Federal Reserve Bank had not really suffered any loss."

*Id*. at 15. Accordingly, the court found that the admission of additional evidence outside the indictment dates did not alter the essential elements of the charged crime, prove facts materially different from those in the indictment, or introduce evidence of which the defendant was not adequately informed. *Id*.

Similarly here, evidence of he January 29, 2008 downloads was evidence of an additional date on which Special Agent Brant downloaded the Defendant's stories from the asstr.org website, using a link that the Defendant provided to Agent Brant within the indictment period. The Government's use this additional evidence, which

the Defendant was apprised of far in advance of trial and which was admitted without objection, to support its theory does not constitute a variance or constructive amendment of the Indictment.

The Defendant's reliance on cases like *Stirone* v. *United States*, 361 U.S. 212 (1960) is misplaced. In that case, the defendant was convicted of obstruction of *sand importation* where the Government had only introduced evidence of interference with *steel exportation*. *Stirone*, 361 U.S. at 213. Accordingly, the Court found that a variance had occurred because the crime proven at trial was different from the crime charged in the indictment. *Id.* No such variance occurred here where the Indictment charged activity that occurred "in or about June 23, 2002, and continuing to on or about August 8, 2006" and the Government submitted ample evidence, in addition to the Defendant's stipulations, of the Defendant's activity that caused downloads and the download activity within that date range. The Government's submission of additional evidence of the January 29, 2008 downloads did not substantially prejudice the Defendant in light of the evidence submitted during this bench trial.

For these reasons, the Defendant's motion should be denied.

RESPECTFULLY SUBMITTED, this 10th day of February, 2010.

/s/ Jim Crane
JIM CRANE
ASSISTANT U. S. ATTORNEY

DAMON KING
DEPUTY CHIEF
U.S. DEPARTMENT OF JUSTICE

CHANTEL FEBUS
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

## CERTIFICATE OF SERVICE

This is to certify that I have on February 10, 2010, electronically filed the foregoing Government's Response to Motion to Preclude the Government from Constructively Amending the Indictment with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

RESPECTFULLY SUBMITTED, this 10th day of February, 2010.

/s/ Jim Crane
JIM CRANE
ASSISTANT U. S. ATTORNEY

ADDRESS:

POST OFFICE BOX 366
ALBANY, GEORGIA 31702
TELEPHONE: (229) 430-7754