IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:07-CR-18 (WLS) |
| FRANK RUSSELL McCOY, | : |
| Defendant. | : |

### ORDER

Pursuant to 18 U.S.C. § 3143(b), Defendant Frank McCoy has filed a Motion for Bond Pending Appeal, seeking release pending the appeal of his conviction and sentence. (Doc. 194.) This Court, having fully considered Defendant's Motion and the Government's Response, and the arguments therein, finds that Defendant's Motion for Bond (Doc. 194) should be **DENIED**.

Defendant Frank McCoy was convicted, following a bench trial, of one count of Transportation of Obscene Matters in violation of 18 U.S.C. § 1462. On July 26, 2013, the Court sentenced Defendant to eighteen months of imprisonment, two-years supervised released, and a $100.00 mandatory assessment fee. (Doc. 188.) Defendant is scheduled to surrender to the Bureau of Prisons on September 12, 2014. (Doc. 194 at 1.) Defendant has filed a Notice of Appeal of his conviction and sentence. (Doc. 192.) Defendant has also filed the instant motion, seeking an order that he be allowed to remain out on bond pending appeal. (Doc. 194.) It is this Motion that is currently before the Court for review.

1

In moving for bond pending appeal, Defendant relies on 18 U.S.C. § 3143(b), which provides for release pending appeal if the Court finds that: (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Defendant argues that all factors are satisfied, thereby justifying his release pending appeal.

Per Defendant, the Court already found that his pre-trial release was warranted on conditions that reasonably assured his appearance. (Doc. 194 at 3.) Defendant also asserts that he has "established a lengthy track record of trustworthiness by appearing as required and otherwise observing the conditions of his release." (*Id.*) Defendant also notes his veteran status, his lack of criminal record, as well as his stable presence with his son in Minnesota, to show that he is not likely to pose any danger or flee. (*Id.*) Finally, Defendant notes that his appeal is not taken for the purpose of delay and raises a "substantial question," specifically with regard to whether he should have been convicted for obscenity despite "unimpeached and uncontroverted evidence of literary value." (*Id.* at 3-4.)

The Government opposes Defendant's release pending appeal. (Doc. 195.) Per the Government, Defendant cannot satisfy any of the elements for release. As to the first element, the Government states that Defendant cannot show he is not a danger to the community because of his sexually explicit stories about children and his possession of pornography. (*Id.* at 3.) Referring to Defendant's sentencing soliloquy the

2

Government also states that Defendant is likely to continue to engage in illegal activity in an attempt to challenge obscenity laws. (*Id.* at 4.) Curiously, the Government did not offer a substantive response to Defendant's suggestion that his appeal presents a "substantial question," instead merely referring the Court back to its own previous orders denying bond pending appeal in *other* cases with *materially different* facts.

On September 11, 2013, the Court, *sua sponte*, spoke with the United States Probation Officer ("PO") assigned to Defendant's case to inquire about any additional conditions the Court should consider, in the event the Court granted Defendant's requested relief.[1] The PO informed the Court that there had been a material change in Defendant's circumstances. Specifically, the PO stated that Defendant had allowed his home to go into foreclosure, sold all of his furniture, and relinquished his vehicle to his son. Thus, the PO expressed concerns about Defendant's ability to maintain a stable presence under his changed circumstances. The Courtroom Deputy also spoke with Defendant's counsel to ensure that there were no other facts for the Court's consideration. Defendant's counsel informed the Courtroom Deputy that there was no additional information to add.

After considering the briefs and the discussions with Defendant's counsel and the PO, the Court concludes that Defendant's Motion should be denied. While the Court acknowledges that Defendant has previously been compliant with the terms and conditions of his release, the Court finds that recent events, combined with the fact that Defendant now faces an eighteen-month prison sentence, have effected a serious change in Defendant's circumstances. As such, the Court cannot find by clear and convincing

---

[1] The Court spoke to Anthony Lindsey, United States Probation Officer for the Middle District of Georgia, Albany Division. Mr. Lindsey then reached out to Defendant's Probation Officer in Minnesota and relayed to the Court Defendant's Probation Officer's concerns.

evidence that Defendant is not likely to flee or pose a danger to the community. Accordingly, for the reasons stated herein, the Court finds that Defendant's Motion (Doc. 194) should be, and is, hereby **DENIED**.

    **SO ORDERED** this  11th  day of September, 2013.

                                      /s/ W. Louis Sands
                                      **THE HONORABLE W. LOUIS SANDS,**
                                      **UNITED STATES DISTRICT COURT**